Peck, J.,
delivered the opinion of the Court.
Patrick H. Bruce, administrator of John Bruce, by his petition, recites that John Bruce, in his lifetime, entered into a contract to improve the navigation of the Ohio and Mississippi rivers, for which he was to receive sixty thousand dollars. Payment was to be made from time to time as the work advanced, and when at least one thousand dollars was earned and certified to by an engineer or other person appointed to inspect the w.ork.
The contract was dated the 24th of October, 1824, in pursuance of an act of Congress approved the 29th day of May of the same'year. The work was to have been completed by the first of January, A. D. 1827.
Bruce prosecuted his work from time to time until three months after the period limited for its completion, when he was forbidden to proceed further. He received different sums of money as the work proceeded, amounting in the aggregate to $18,563 59, and also the sum of $6,270 appropriated for his relief by Congress. It is sought by this petition to recover an additional sum of $36,166.
The complaint is that Bruce, in his lifetime, was delayed in the execution of his contract by the failure of the government to furnish inspectors. Had these been promptly furnished, it is insisted that the *344 work would have been completed witbin tlie time limited by the contract, and that large profits would have resulted.
Mr. J. D. McPherson for the claimant.
' Mr. J. J. Weed, Assistant Solicitor, and Mr. J. B. Kerr, Deputy Solicitor, for the government.
This claim has been before Congress several times, and a resolution was passed referring it to the Chief Engineer for examination and report. It was insisted that this report should be obligatory upon the government, and was sufficient to authorize a judgment in favor of the estate of the decedent. We do not think so. The petition itself recites that the Chief Engineer reported at the next session in December, 1833, that “John Bruce was entitled to no relief; but if to any, the amount was ill,243 63.” Upon 'the strength of this report, or for some other reason sufficient to" satisfy Congress, an appropriation for his relief was made, which he accepted, as is insisted by the solicitors for the government, in full satisfaction of his claim.
It is not deemed necess.ary to consider all the points discussed in the arguments, because there is not evidence in the record to -require their consideration. There is not, apart from the contract and the act of Congress upon which it is founded, one scintilla of legal evidence in this record that can in any way support this claim.
The report of the Chief Engineer, upon which so much was attempted to be built, if we could consider it as proof, does not authorize a judgment ; everything is hypothetically stated by him, and his information was not derived from proof, but from hearsay and the statements of Bruce. He was in no sense an arbitrator or referee. He was a medium of information to Congress upon an ex parte authority and direction for that'purpose.
The petition will be dismissed.